UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **NO: 73-132** |
| **JAMES MORRISON, JR.** | **SECTION: "H"** |

### ORDER AND REASONS

Before the Court is Defendant James Morrison, Jr.'s Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (Doc. 112). For the following reasons, Defendant's Motion is **DENIED**.

### BACKGROUND

Defendant James Morrison, Jr. is currently serving a life sentence for bank robbery in violation of 18 U.S.C. § 2113(a)(d)(e) and 18 U.S.C. § 2. Defendant has moved for a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), stating that his sentence should be reduced under the First Step Act and the Supreme Court's ruling in *Concepcion v. United States*.[1] The Government opposes.[2]

---

[1] Doc. 112 at 1 (citing Concepcion v. United States, 597 U.S. 481 (2022)).
[2] Doc. 118.

1

## LAW AND ANALYSIS

Defendant asks this Court to amend his federal sentence so that it runs concurrently, rather than consecutively, with his state sentences. Defendant argues that "extraordinary and compelling reasons" warrant amendment of his sentence because (1) he has "undergone dramatic changes" and "will not be a danger to the community if he is granted a sentence [sic] reduction"; (2) he is over the age of 65 and has been exposed to COVID-19 while incarcerated; and (3) he received ineffective assistance of counsel in connection with his decision to plead guilty. The Government responds that this Court lacks jurisdiction to consider Defendant's arguments because the current compassionate release statute does not apply to individuals whose conduct occurred before November 1, 1987. And if this Court construes Defendant's ineffective assistance of counsel arguments as a motion for relief pursuant to 28 U.S.C. § 2255, the Government argues that the Court still lacks jurisdiction to consider the motion as a successive habeas petition.

### 1. *Compassionate Release Under 18 U.S.C. § 3582(c)(1)(A)(i)*

"Compassionate release is not a new remedy. It dates back at least to the Parole Reorganization Act of 1976."[3] This Act "authorized the [Bureau of Prisons ("BOP")] to request (and district courts to grant) reductions for a wide range of reasons."[4] In 1984, Congress enacted the Sentencing Reform Act ("SRA"), which "abolished federal parole and forbade the federal courts from 'modify[ing] a term of imprisonment once it has been imposed.'"[5] Congress, however, retained an exception for compassionate-release motions, which

---

[3] United States v. Shkambi, 993 F.3d 388, 390 (5th Cir. 2021).
[4] *Id.* (citing 18 U.S.C. § 4205(g) (repealed)).
[5] *Id.* (quoting United States v. Jones, 980 F.3d 1098, 1103–04 (6th Cir. 2020) (alteration in original); Pub. L. No. 98-473, Title II, ch. 2, § 212(a), 98 Stat. 1837, 1998).

"gave [the] BOP exclusive power over all avenues of compassionate release."[6] Compassionate release under the SRA required: (1) a motion filed by the BOP, (2) one of the two conditions now listed in 18 U.S.C. § 3582(c)(1)(A), (3) the reduction to be consistent with applicable policy statements issued by the Sentencing Commission, and (4) the district court to exercise its discretion after considering the sentencing factors in 18 U.S.C. § 3553(a).[7]

In December of 2018, the First Step Act was signed into law and eliminated the requirement that the BOP file a motion to reduce a prisoner's term of imprisonment.[8] Motions for compassionate release may now be filed by the Director of the BOP or by a defendant who met certain procedural requirements.[9] Every prisoner may not, however, seek relief under § 3582(c)(1)(A).[10]

The Court finds that § 3582(c)(1)(A) does not apply in this case. The regulations on compassionate release provide that, "18 U.S.C. § 4205(g) was repealed effective November 1, 1987, but remains the controlling law for inmates whose offenses occurred prior to that date."[11] "For inmates whose offenses occurred on or after November 1, 1987, the applicable statute is 18 U.S.C. 3582(c)(1)(A)."[12] Indeed, "[a]n amendment to the SRA established that

---

[6] *Id.* (quoting United States v. Booker, 976 F.3d 229, 231 (2d Cir. 2020)).

[7] *Id.* at 391 (citing United States v. Lightfoot, 724 F.3d 593, 596–99 (5th Cir. 2013)).

[8] 18 U.S.C. § 3582(c)(1)(A) (2018).

[9] *See id.*

[10] United States v. Rios, No. 70-cr-592 (BMC), 2020 WL 2522069, at *1 (E.D.N.Y. May 18, 2020). *See also* United States v. Rivera-Rios, No. 20-1773, 2022 WL 14206094, at *2 (2d Cir. Oct. 25, 2022); United States v. King, 24 F.4th 1226, 1229 (9th Cir. 2022); United States v. Crosby, No. 23-3034, 2023 WL 4938343, at *1 n.3 (10th Cir. Aug. 3, 2023); United States v. Fowler, No. 3:33-CR-83-S, 2020 WL 7408239, at *1 n.1 (N.D. Tex. Nov. 17, 2020); United States v. Shakur, No. 82 CR 312 (CSH), 2022 WL 3910581 (S.D.N.Y. Aug. 31, 2022); United States v. Woolum, No. 5:84-CR-21-TBR, 2020 WL 1963787 (W.D. Ky. Apr. 23, 2020).

[11] 28 C.F.R. § 572.40.

[12] *Id.* "As a basic proposition, federal regulations are entitled to deference and should, whenever possible, be given full force and effect of law." In re Vioxx Prods. Liab. Litig., 235

§ 3582(c)(1) only applies to prisoners who offended on or after November 1, 1987, and inmates who have committed crimes on or before October 31, 1987 remain subject to § 4205(g) and cannot themselves file a motion for compassionate release."[13] Because Defendant's offense occurred on or about March 5, 1973, 18 U.S.C. § 4205(g) is the controlling law.

"Under 18 U.S.C. 4205(g), a sentencing court, on motion of the Bureau of Prisons, may make an inmate with a minimum term sentence immediately eligible for parole by reducing the minimum term of the sentence to time served."[14] Here, however, the Bureau of Prisons has not moved this Court to reduce Defendant's sentence of imprisonment. Accordingly, Defendant is procedurally barred from making this motion on his own behalf.

### 2. *Ineffective Assistance of Counsel Claims*

In his motion for compassionate release, Defendant also argues that he received ineffective assistance of counsel in connection with the entry of his guilty plea. Specifically, he argues that his attorney was ineffective in misleading him to plead guilty, misadvising him of the consequences of his guilty plea, and failing to object to the Court ordering that his sentence run consecutively with any pending State sentence.[15] The Government responds

---

F.R.D. 334, 344 (E.D. La. 2006) (citing Chevron, U.S.A., Inc. v. Natural Res. Def. Council, Inc., 467 U.S. 837, 844 (1984)).

[13] *King*, 24 F.4th at 1229 (internal citations omitted).

[14] 28 C.F.R. § 571.60; *see also* United States v. Booker, 543 U.S. 220, 300 (2005) (noting that, under § 4205(g), "[s]entencing judges had the discretion to reduce a minimum term of imprisonment upon the recommendation of the Bureau of Prisons").

[15] Doc. 112 at 5. In his reply brief, however, Defendant replies that he "is not raising a claim of ineffective assistance of counsel during the plea negotiations, but a miscarriages [sic] of justice based on his counsel incompetent in failure [sic] to correct the error of law or fact that Morrison's Federal sentence should be ran [sic] concurrent with his later imposed state sentence." Doc. 121 at 2. To the extent that Defendant asks this Court to consider the alleged error of fact or law in determining whether it should amend his sentence, the Court held *supra* that Defendant is procedurally barred from making a motion for compassionate release on his own behalf. Because Defendant indeed alleges that he received ineffective assistance of counsel, the Court addresses the Government's arguments on the issue.

4

that his ineffective assistance of counsel claim should be construed as a second and successive habeas petition under 28 U.S.C. § 2255.

Defendant's ineffective assistance of counsel arguments "are quintessential arguments for challenging the fact or duration of a prisoner's confinement under Chapter 153."[16] "In Chapter 153 of Title 28, Congress provided specific avenues for post-conviction relief that permit prisoners to challenge the legality of their confinement in federal court," such as 28 U.S.C. §§ 2241, 2244, 2254, and 2255.[17] "The Supreme Court has repeatedly held that by codifying these specific provisions, Congress required prisoners to bring their legality-of-custody challenges under Chapter 153 and prohibited prisoners from bringing such claims under other, more-general statutes."[18] Accordingly, the Fifth Circuit has expressly ruled that "a prisoner cannot use § 3582(c) to challenge the legality or duration of his sentence; such arguments can, and hence *must*, be raised under Chapter 153."[19] Because Defendant's claims would have been cognizable under § 2255, they may not be raised in a request for compassionate release. "Morrison may pursue that claim in a § 2255 motion should he so choose."[20]

## CONCLUSION

For the foregoing reasons, Defendant's Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) is **DENIED**.

---

[16] United States v. Escajeda, 58 F.4th 184, 187 (5th Cir. 2023).
[17] *Id.* at 186–87.
[18] *Id.* at 187.
[19] *Id.*
[20] *See* Doc. 102 at 2 (Fifth Circuit holding that Defendant's motion to correct an illegal sentence sounded in § 2255 proceedings, not § 2254, and therefore was not a second and successive motion for habeas relief where Defendant had previously filed a motion under § 2254). *See also* Doc. 103 at 2 (holding that Defendant failed to file any pleadings after the order of the court of appeals and therefore "there is no § 2255 claim to be addressed at this time").

New Orleans, Louisiana this 30th day of April, 2024.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**